# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING, | CASE NO. 1:11-CV-00937-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| KEN CLARK, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Wayne L. Pickering ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 9, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary Of Complaint

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, and Pleasant Valley State Prison ("PVSP") in Delano, California, and is currently incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California. Plaintiff names as Defendants at CSATF: Ken Clark, warden; correctional officer N. Ibanez; chief medical officer A. Enenmoh; health care manager G. Milliken; Doctors A. Rotman and Metts of CSATF; doctor D. G. Smith, doctor from outside facility; E facility lieutenant E. Smith; licensed vocational nurse ("LVN") Komar; and emergency room RN's Jane Doe 1 and John Doe 1. Plaintiff names as Defendants at SCC: chief medical officer Jack St. Clair; licensed psychiatric technician ("LPT") Borden and S. Bokelman. Plaintiff also names appeals coordinator Crum and physician assistant T. Byers, both from CSATF, in his complaint.

Plaintiff's claims at CSATF and SCC are unrelated and may not proceed in the same action. Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding unrelated claims against different defendants belong in different suits). The Court finds that Plaintiff's claims arising at CSATF are unrelated to the claims arising at SCC, as they do not arise from the same transaction or occurrence, or series of transactions or occurrences.

Plaintiff has also included over one-hundred pages of exhibits with his complaint. The federal courts are courts of notice pleading. Thus, Plaintiff need only provide a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a).

The Court will screen Plaintiff's claims pursuant to 28 U.S.C. § 1915A and §

1915(e)(2)(B).

A.     **Claims Arising at CSATF**

Plaintiff suffered from serious knee problems in 2005, while he was incarcerated at CSATF. Compl. 2.[1] Plaintiff was seen by Defendant Rotman, of E yard. *Id.* Defendant Rotman agreed with other doctors' recommendations that Plaintiff see a specialist, Defendant D. G. Smith. *Id.* After being seen by Defendant Smith, he referred Plaintiff back to Defendant Rotman. *Id.* Defendant Rotman stated that he would begin the paperwork for Plaintiff to receive surgery. *Id.* Plaintiff was in debilitating pain and eventually requested pain medication. *Id.* By mid-2006, Plaintiff was in intense pain, that made pain medication insufficient. *Id.* at 3. Officers T. Bauer and Long called for Defendant LVN Komar, who called the doctor and informed him that Plaintiff was in severe pain and could not move. *Id.*

Plaintiff received a wheelchair and wooden cane. *Id.* Plaintiff saw Defendant D. G. Smith, who again called Defendant Rotman to get the paperwork done. *Id.* Plaintiff was put on higher doses of morphine rather than receiving the surgery. *Id.* Plaintiff had written to Defendants G. Milliken, chief medical officer A. Enenmoh, and warden Ken Clark. *Id.*

On March 5, 2007, Defendant D.G. Smith performed an arthroscopy on Plaintiff's left knee. *Id.* Defendant Smith faxed the report to Defendant Rotman on March 9, 2007. *Id.* Defendant Smith saw Plaintiff twice more on March 21 and June 6 of 2007, and ordered more medication for Plaintiff, and noted that Plaintiff may need total knee replacement. *Id.*

Plaintiff was seen by several doctors in the community who all agreed that Plaintiff would need a total left knee replacement. *Id.* at 4. Defendant Rotman informed Plaintiff that the paperwork was wrong and needed to be redone. *Id.* Plaintiff complained to the healthcare managers. *Id.* Defendant T. Byers interviewed Plaintiff and on May 19, 2009, Plaintiff's appeal was granted, with the only thing missing a referral for surgery. *Id.*

Om May 30, 2009, during morning pill call, Plaintiff was in severe pain. *Id.* at 5.

---

[1] The page numbers are a reference to Plaintiff's typed civil rights complaint, not the form.

3

Defendant Komar informed Plaintiff that if the pain did not lessen to call her. *Id.* By noon pill line, the pain did not lessen, and Plaintiff was in too much pain to walk. *Id.* At about 1:30 p.m., Plaintiff informed officers Bauer and Long that he could not walk. *Id.* Bauer activated his alarm and medical staff responded and transported Plaintiff to the E Facility medical clinic. *Id.*

Plaintiff was transported by gurney to work exchange in order to be transferred to the Triage Treatment and Assessment clinic. *Id.* Plaintiff could not walk, and was lifted from the gurney to a wheelchair by inmate care givers. *Id.* Plaintiff was then placed in a golf cart for transfer. *Id.* Defendant Ibanez drove the cart to the clinic parking lot. *Id.* In the lot, Plaintiff received two shots from Defendants Jane Doe 1 and John Doe 1. *Id.* Defendant Ibanez was then ordered to take Plaintiff back to the E yard by the two nurse Defendants. *Id.*

Half-way back to the E yard, Plaintiff experienced a spasm and fell from the cart, striking his head, rendering him unconscious. *Id.* at 6. Plaintiff was now picked up by the emergency response vehicle. *Id.* Plaintiff had suffered several abrasions to his head, shoulder, and hands, and his left leg, knee, hips, back, and neck were hurting. *Id.* Defendant Metts examined Plaintiff. *Id.* He did not want to issue more medication so Plaintiff would not overdose. *Id.* Defendant Metts never ordered x-rays. *Id.* Defendant Rotman found out that Plaintiff had not received x-rays and called Defendant Enenmoh. *Id.* They ordered x-rays, but the x-ray machine was broken. *Id.* Plaintiff did not receive x-rays until after June 4, 2009. *Id.*

Plaintiff was called for surgery on July 22, 2009. *Id.* at 7. Plaintiff stayed in the hospital for ten days, then was sent back to prison at CSATF. *Id.* Plaintiff was then informed that he would soon be transferred. *Id.* Plaintiff talked to Defendant J. Pierre, who told Plaintiff that there was no reason for him to have a medical hold. *Id.* Defendant E. Smith called supervising nurse D. Capra to schedule an appointment for Plaintiff. *Id.* Defendant J. Pierre refused to issue the hold. *Id.* Plaintiff appealed the transfer, but before his appeal is answered, he was transferred to PVSP. *Id.*

**B.     Claims Arising at PVSP**

PVSP has no ADA accommodations for Plaintiff, so they place Plaintiff in the top tier. *Id.* Plaintiff explained that he could not be on the top tier, having been out of surgery only thirty

4

days. *Id.* A few days later, Plaintiff slips on the stairs. *Id.* On December 4, 2009, Plaintiff falls down the stairs. *Id.* Plaintiff is finally moved to a lower tier. *Id.*

On December 14, 2009, Plaintiff wrote to Defendants warden Ken Clark and appeals coordinator Crum regarding the status of his appeal. *Id.* at 8. Defendant Crum responded that Plaintiff had no appeal on file. *Id.* Plaintiff encountered difficulties filing his grievance, with CSATF and PVSP telling him that the proper place to file was at the other prison. *Id.* Plaintiff contacted the ombudsman's office, who told Plaintiff to submit the grievance to PVSP. *Id.* Plaintiff was then transferred to SCC. *Id.*

### C.     Claims Arising At SCC

Plaintiff attempted to submit the grievance to PVSP, who informed Plaintiff to submit it to SCC. *Id.* Plaintiff sent the grievance to the ombudsman's office again, who sends it to CSATF. *Id.* Defendant Crum at CSATF screened out the grievance and said to submit it with SCC. *Id.* Plaintiff finally received a second level response from SCC on November 16, 2010. *Id.*

On July 30, 2010, Defendant Bokelman was handing out medication, and gave another inmate the wrong medication. *Id.* at 9. Defendant Borden then took Defendant Bokelman aside and told her that there was a system she would learn. *Id.* Defendant Borden gave Plaintiff his medication and Plaintiff asked Defendant Borden make sure it was the right one because he has medication alerts. *Id.* Defendant Borden assured him that it was correct. *Id.* Plaintiff took the medication and began to feel funny. *Id.* Plaintiff went back and informed Defendant Borden, who then realized that Plaintiff took the wrong medication. *Id.* Plaintiff's vitals were taken, and he received an injection of benadryl. *Id.*

## III.    Analysis

### A.     Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. Claim I

Plaintiff fails to state a claim against Defendant A. Rotman. Plaintiff contends that Defendant Rotman caused or prevented Plaintiff's ordered surgery for four years. Based on the allegations, Defendant Rotman scheduled Plaintiff for consultation with an outside physician, Defendant D. G. Smith. Defendant Smith performed an arthroscopy in 2007. Plaintiff was recommended for surgery in 2007, thus the delay for surgery was two years. Defendant Rotman was aware that Plaintiff required surgery and scheduled it. An error in the form required that it be re-submitted, which he did. Plaintiff did eventually receive the surgery in 2009. Plaintiff's allegations have failed to demonstrate that Defendant Rotman knew of and **disregarded** an excessive risk of serious harm to Plaintiff's health. Based on the allegations, Defendant Rotman provided Plaintiff with pain medication and scheduled Plaintiff for the arthroscopy and knee replacement.

Plaintiff fails to state a claim against Defendant D. G. Smith. Defendant D.G. Smith performed an arthroscopy on Plaintiff in 2007. Plaintiff alleges no facts which indicate that

Defendant Smith knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff fails to state a claim against Defendants K. Clark, G. Milliken, and A. Enenmoh. Plaintiff alleges that he wrote to these individuals. Plaintiff fails to allege facts which indicate that these Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff fails to state a claim against Defendant T. Byers. Defendant T. Byers granted one of Plaintiff's appeals, but did not refer Plaintiff for surgery. Plaintiff fails to allege facts which demonstrate that Defendant Byers knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### 2. Claim III

Plaintiff fails to state a claim against Defendants Jane Doe 1 and John Doe 1. Plaintiff alleges that Defendant Does provided Plaintiff with two shots of medication in the parking lot of the clinic, without taking an examination. Plaintiff fails to allege facts which indicate that these Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff had been complaining of pain, and the Doe Defendants provided shots for it. There are no allegations that Defendant Does were aware of an excessive risk of serious harm.

Plaintiff fails to state a claim against Defendant Metts. Plaintiff complained that Defendant Metts did not take examine Plaintiff prior to giving him the shots in the parking lot. However, Plaintiff does not allege that Defendant Metts was present and administered the shots. Plaintiff fails to allege facts which indicate that these Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### 3. Claim IV

Plaintiff fails to state a claim against Defendants Jane Doe 1, John Doe 1, Ibanez, E. Smith, Ken Clark, or A. Enenmoh for allowing Plaintiff to be transferred by a golf cart, without any safety equipment. Plaintiff alleges that Defendant Ibanez was driving the golf cart when Plaintiff suffered a seizure and fell out, striking his head. Plaintiff alleges no facts which demonstrate that Defendant Ibanez knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff alleges no facts which demonstrate that Defendants Jane Doe 1 and John Doe 1 knew of an excessive risk of serious harm to Plaintiff's health when they ordered Plaintiff to be returned back to the yard.

Plaintiff alleges no facts which demonstrate that Defendants E. Smith, Ken Clark, or A. Enenmoh knew of and disregarded an excessive risk of serious harm to Plaintiff's health. If Plaintiff is alleging liability on a *respondeat superior* theory, Plaintiff fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 4. Claim V

Plaintiff fails to state a claim against Defendants Borden and Bokelman. Plaintiff alleges that Defendants failed to monitor the medications given out. Plaintiff fails to allege facts which demonstrate that these Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff fails to allege facts that Defendant Bokelman provided Plaintiff with medication, or was responsible for checking Plaintiff's medication. Plaintiff alleges at most negligence on the part of Defendant Borden, which is not deliberate indifference. *Jett v. Penner*,

439 F.3d 1091, 1096 (9th Cir. 2006).

### 5. Claim VI

Plaintiff fails to state a claim against Defendants Clark, Enenmoh, Crum, Milliken, J. St. Clair, Jane Doe 1, and John Doe 1 regarding how Plaintiff's grievances were processed. Plaintiff has no due process right to how his grievances are processed. *Mann v. Adams*, 855 F.2d 630, 640 (9th Cir. 1988). Plaintiff also fails to allege how these Defendants were deliberately indifferent in their treatment of Plaintiff's grievances.

### 6. Claim VII

Plaintiff fails to state a claim against Defendant Rotman, Pierre, and Smith regarding Plaintiff being transferred from CSATF to PVSP shortly after his surgery. Plaintiff fails to allege how any of these Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges no acts that indicate Defendants Rotman or Smith were aware that Plaintiff was to be transferred, or any excessive risk of serious harm if he was transferred. As to Defendant Pierre, Plaintiff fails to allege facts which demonstrate that Defendant Pierre was aware of a substantial risk of serious harm to Plaintiff if Plaintiff was transferred.[2]

## B. State Law Claims

Plaintiff contends a violation of state law. "The district courts may decline to exercise supplemental jurisdiction over a claim if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because Plaintiff fails to state a cognizable § 1983 claim, the Court declines supplemental jurisdiction at this time.

## IV. Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

---

[2] Plaintiff's Claim VIII is redundant.
Plaintiff fails to link Defendant Komar to any act or omission that violated Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 749, 743 (9th Cir. 1978).

9

complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Plaintiff may not proceed with unrelated claims against unrelated Defendants in this action. Fed. R. Civ. P. 20(a)(2). Thus, Plaintiff may not proceed against Defendants at both CSATF and PVSP in this action. If Plaintiff amends, Plaintiff must choose only those claims that arise from the same transaction or occurrence or series of transactions or occurrences. Failure to comply will result in the Court dismissing the amended complaint.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 11, 2012**         /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE