**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>             Plaintiff,<br><br>      v.<br><br>KEN CLARK, et al.,<br><br>             Defendants. | Case No. 1:11-cv-00937-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS**<br><br>**ECF No. 9**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**Findings and Recommendations**

**I.      Background**

Plaintiff Wayne L. Pickering ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On June 9, 2011, Plaintiff initiated this action by filing his complaint. On January 11, 2012, the Court dismissed the complaint for failure to state a claim with leave to amend. On February 1, 2012, Plaintiff filed his first amended complaint. ECF No. 9. The amended complaint is before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff was incarcerated at California Substance Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: A. Rotman, physician; Ken Clark, warden; A. Enenmoh, chief medical officer; John Doe 1, attending nurse; and Jane Doe 1, attending nurse.

Plaintiff alleges the following. Plaintiff received arthroscopic surgery on March 5, 2007, from Dr. Smith. Pl.'s Am. Compl. ¶ 9. On June 6, 2007, during the second post-operation follow-up, Dr. Smith informed Plaintiff that he needed a full left knee replacement, and informed Defendant A. Rotman, Plaintiff's primary care physician. *Id.* ¶ 10. On August 31, 2007, Plaintiff submitted a medical request for pain management because of unbearable, constant left knee pain. *Id.* ¶ 12. Defendant Rotman prescribed morphine and gabapentin. *Id.*

On May 22, 2008, Plaintiff was sent to Community Medical Center for an ultrasound. *Id.* ¶ 13. An orthopedic surgeon examined Plaintiff and recommended total knee replacement. *Id.* ¶ 15. On September 22, 2008, Plaintiff was examined by another orthopedic specialist, who also recommended total knee replacement. *Id.* ¶ 16. Plaintiff believes that Defendant Rotman should have scheduled Plaintiff for knee replacement surgery. *Id.* ¶ 17.

On April 27, 2009, Plaintiff filed an inmate 602 appeal, complaining of extreme knee pain and inquiring about knee surgery. *Id.* ¶ 18. On May 19, 2009, a physician assistant, P.A. Byers, held an appeal interview with Plaintiff. *Id.* ¶ 19. Byers told Plaintiff that there was no indication that Defendant Rotman submitted a referral for surgery for Plaintiff's left knee. *Id.* ¶ 20. On May 19, 2009, Byers submitted a referral for Plaintiff's total knee replacement. *Id.* ¶ 21.

On May 30, 2009, Plaintiff told LVN Komar, the pill-line nurse, during morning pill-call that he was experiencing excruciating pain in his left leg, and severe pain in his back and hips. *Id.* ¶ 22. LVN Komar told Plaintiff to inform Komar if the pain did not lessen. *Id.* ¶ 23. Plaintiff was unable to walk to retrieve his noontime medication because of the pain. *Id.* ¶ 24. At 1:30 p.m. that day, Plaintiff begged a passing inmate to summon a correctional officer to his cell. *Id.* ¶ 25. Officers Long and Bauer appeared at the cell, and Plaintiff begged them for immediate medical attention. *Id.* ¶ 26. Bauer activated the emergency response alarm. *Id.* ¶ 27. Medical personnel arrived at Plaintiff's cell and order that he be put on a gurney and taken to the yard clinic for E yard. *Id.* ¶ 28.

LVN Komar assessed Plaintiff at the E yard clinic and determined that he needed emergency medical treatment at the Treatment Triage and Assessment ("TTA"), and called the TTA. *Id.* ¶¶ 29, 30. LVN Komar requested an emergency response vehicle ("ERV") while on the phone with Defendant Jane or John Doe No. 1. *Id.* ¶ 32. LVN Komar told the unknown Defendant that Plaintiff could not walk because of extreme knee pain. *Id.* ¶ 33. LVN Komar told Plaintiff that the TTA Defendant nurse refused to bring the ERV, and that the nurse told Komar that Plaintiff would have to walk. *Id.* ¶ 35.

Lieutenant Smith placed a call to correctional officer Ibanez to take Plaintiff to the TTA by golf cart. *Id.* ¶ 36. Inmate caregivers switched Plaintiff from a gurney to a wheelchair to take Plaintiff to the golf cart for transport to the TTA. *Id.* ¶ 38. At the TTA center, Defendants Jane Doe No. 1 and John Doe No. 1 came outside of the TTA. *Id.* ¶ 39. Defendant Jane Doe told Plaintiff to get out of the golf car and walk in if he wanted to be treated. *Id.* ¶ 40. Officer Ibanez responded, "Are you serious, you do realize this inmate can't walk, don't you?" *Id.* ¶ 41. Officer Ibanez then asked if one of the nurses could bring a wheelchair for Plaintiff. *Id.* ¶ 43. Defendant Jane Doe indicated that there were no wheelchairs available. *Id.* ¶ 44. Officer Ibanez then asked if a gurney

1 was available. *Id.* ¶ 45.  Defendant Jane Doe then spun around and began walking towards the TTA
2 building. *Id.* ¶ 46.  Defendant John Doe walked to catch up with Jane Doe, and said, "You know
3 what, just bring the shots out to him." *Id.* ¶ 47.

4       Jane Doe walked into the TTA building. *Id.* ¶ 48.  Defendant Jane Doe returned from the
5 TTA building and with John Doe approached Plaintiff at the golf cart. *Id.* ¶ 50.  Defendant Jane Doe
6 proceeded to administer a shot into each of Plaintiff's arms. *Id.* ¶ 51.  Afterwards, Defendant Jane
7 Doe stated that he can go back to the yard. *Id.*  Officer Ibanez drove off.  Approximately halfway
8 back, a bolt of pain shot into Plaintiff's leg, rendering him unconscious, and he fell out of the
9 moving cart, striking his head, arm, and leg on the pavement. *Id.* ¶¶ 57, 58.  When Plaintiff regained
10 consciousness, the ERV was present and Plaintiff was being placed on a gurney and loaded into the
11 ERV. *Id.* ¶ 60.  After arriving at the TTA emergency room, Dr. Metts was called to assess Plaintiff's
12 condition. *Id.* ¶ 61.  Dr. Metts asked Plaintiff about the incident, and after being told, verified with
13 officer Ibanez. *Id.* ¶¶ 62-64.  Dr. Metts had a heated conversation with Defendants Jane and John
14 Doe regarding the incident. *Id.* ¶ 65.

15       Approximately 45 minutes later, Dr. Metts came back and explained to Plaintiff that he
16 would be in pain for some time. *Id.* ¶ 69.  Plaintiff was sent back to his housing by golf cart at 4:25
17 p.m. *Id.* ¶ 70.  On May 31, 2009, Plaintiff submitted a 602 appeal regarding the events that took
18 place, and a medical request to see a medical doctor. *Id.* ¶ 71.  Plaintiff submitted medical requests
19 on June 2 and June 7. *Id.* ¶¶ 72, 73.

20       Plaintiff informed Defendant Rotman on three occasions, from May 22, 2008 to May 19,
21 2009, that the pain medication provided was not relieving his knee pain. *Id.* ¶ 74.  Defendant
22 Rotman refused to schedule Plaintiff for knee surgery, and prescribed pain medication instead,
23 despite the pain medication not alleviating Plaintiff's pain. *Id.* ¶ 85.  On July 6, 2009, Doctor Polk
24 examined Plaintiff, and explained that he needed a full knee replacement. *Id.* ¶ 75.  Plaintiff
25 expressed to Dr. Polk his efforts to have Defendant Rotman schedule a knee replacement surgery.
26 *Id.* ¶ 76.  Dr. Polk told Plaintiff that he would submit a full knee replacement recommendation to the
27 medical staff at SATF. *Id.* ¶ 77.

28       On July 14, 2009, Plaintiff received an answer to his appeal, in which Defendant Enenmoh

answered that the plan of care was ultimately left to the primary provider, Defendant Rotman. *Id.* ¶¶ 79, 80.

Lieutenant E. Smith authored a report to Defendant Ken Clark, warden, on May 31, 2009, regarding the transport incident. *Id.* ¶¶ 81, 82. Lieutenant Smith verbally reprimanded both Defendants Jane and John Doe. *Id.* ¶ 83. On July 29, 2009, Plaintiff received knee replacement surgery, and his knee pain has abated. *Id.* ¶ 84.

Plaintiff alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment, violation of the Due Process Clause of the Fourteenth Amendment, and state law claim of negligence, against Defendants A. Rotman, John Doe, Jane Doe, Enenmoh, and Clark. Defendants are all sued in their individual capacity, and Defendant Clark is also sued in his official capacity. Plaintiff requests compensatory and punitive damages, declaratory relief, a permanent injunction that all vehicles used to transport inmates have safety belts, and costs of suit.

**III.    Analysis**

    **A.    Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

*Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges a serious medical need regarding his knee pain. As to Defendant Rotman, Plaintiff alleges sufficient facts which indicate that Defendant Rotman acted with deliberate indifference to a serious medical need. Plaintiff alleges that he informed Defendant Rotman on three occasions that the medication provided was not effective for treating his chronic knee pain.

As to Defendants Jane and John Doe, Plaintiff alleges sufficient facts to demonstrate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health and safety by their actions on May 30, 2009.

As to Defendant Enenmoh, Plaintiff fails to allege sufficient facts to indicate that Defendant Enenmoh knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges only that Defendant Enenmoh denied Plaintiff's appeal, finding that the plan of care was left to Plaintiff's primary care provider, Defendant Rotman. This is not sufficient to demonstrate that Defendant Enenmoh knew of and disregarded a substantial risk of serious harm to Plaintiff's health.

As to Defendant Clark, Plaintiff fails to allege sufficient facts to indicate that Defendant Clark knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges only that Lieutenant Smith authored an Unusual Occurrence Report to Defendant Clark regarding the events on May 30, 2009. This allegation fails to demonstrate that Defendant Clark knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Based on the allegations, Defendant Clark was unaware of what transpired on May 30, 2009 until after it had occurred.

To the extent that Plaintiff alleges liability based on Defendants Enenmoh and Clark's roles as supervisory officials, Plaintiff fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 678. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a

6

supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to allege facts which demonstrate that Defendants Enenmoh and Clark participated in actions that caused a constitutional violation or knew of the violation and failed to act.

### B.  Due Process

Plaintiff does not allege any procedural due process claims. Thus, the Court concludes that Plaintiff contends a substantive due process violation.

"[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations and quotations omitted). Here, the Eighth Amendment governs Plaintiff's claims. Thus, there is no due process claim.

### C.  Negligence

Plaintiff alleges a claim for negligence. In order to state a cognizable state law claim against state actors, plaintiffs must plead compliance with California's Torts Claims Act. *California v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1245, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff fails to allege such compliance. Plaintiff thus fails to state a claim for negligence.

### D.  Doe Defendants

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The Court finds cognizable claims against Defendants Jane and John Doe. Plaintiff is proceeding in forma pauperis and would be entitled to service of process by the United States Marshal. However, the United States Marshal cannot serve process on unknown Defendants. Thus, the Court will not forward Plaintiff any documents for service on Doe

Defendants until such time that Plaintiff is able to identify the Doe Defendants.

### IV.     Conclusion and Recommendation

Plaintiff states a cognizable Eighth Amendment claim against Defendants Jane Doe and John Doe for deliberate indifference to a serious medical need.  Plaintiff fails to state any other claims against any other Defendants.  Plaintiff was previously provided an opportunity to amend his complaint.  The Court finds further leave to amend should not be granted.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    This action proceed against Defendants A. Rotman, Jane Doe, and John Doe for deliberate indifference to a serious medical need in violation of the Eighth Amendment as stated herein;

2.    Plaintiff's claims against Defendants Enenmoh and Clark, and Plaintiff's negligence claim, be dismissed with prejudiced for failure to state a claim; and

3.    Defendants Enenmoh and Clark be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **September 10, 2012**            /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE