**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE PICKERING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00937-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 17<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.　Background**

　　Plaintiff Wayne L. Pickering ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On June 9, 2011, Plaintiff initiated this action by filing his complaint. On January 11, 2012, the Court dismissed the complaint for failure to state a claim with leave to amend. On February 1, 2012, Plaintiff filed his first amended complaint. On October 15, 2012, Plaintiff was granted leave to file a second amended complaint. On November 13, 2012, Plaintiff filed his second amended complaint. ECF No. 17. The second amended complaint is before the Court for screening.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Second Amended Complaint

Plaintiff was incarcerated at California Substance Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: warden Ken Clark; A. Enenmoh, chief medical officer; P. Brightwell, correctional counselor; Tim Byers, physician assistant; John Doe 1, medical employee; Jane Doe 2, medical employee; Denise Greene, doctor; E. Jean Pierre, doctor; Brian Lee, official; Kevin Lee, doctor; Lewis, doctor; Liu, doctor; J. Metts, doctor; G. Miller, official; R. Mounce, official; Aron Rotman, doctor; S. Salmi, official; G. Wright, official; and L. Zinani, official.

Plaintiff alleges the following. The cartilage in Plaintiff's left knee was disintegrated, with shards floating in Plaintiff's left knee, causing excruciating pain. Plaintiff suffered substantial impairment to walking, sitting, sleeping, and other activities. CDCR doctors had provided accommodations regarding his left knee, including knee braces, pain medication, lower-bunk and lower-tier housing restrictions. Second Am. Compl. ("SAC") ¶¶ 10-11.

On April 19, 2006, Defendant Greene evaluated Plaintiff's left knee, documenting Plaintiff's pain. Defendant Greene wrote a request for Plaintiff to receive an MRI. However, the request was labeled as routine. SAC ¶ 14.

On July 7, 2006, Defendant Salmi personally evaluated Plaintiff and documented that

2

Plaintiff was suffering severe and debilitating pain in his left knee. Defendant Salmi noted that Plaintiff had not yet received an MRI. Defendant Salmi ordered an X-ray, and submitted a request for Plaintiff to be seen by an orthopedic specialist. The request for orthopedic specialist was listed as routine. SAC ¶ 15. An x-ray was taken on July 13, 2006. SAC ¶ 16.

On July 21, 2006, Defendant Salmi again evaluated Plaintiff and documented his condition. SAC ¶ 17. On August 14, 2006, an MRI was finally conducted, revealing substantial damage in Plaintiff's left knee. SAC ¶ 18. On October 4, 2006, Defendant Salmi evaluated Plaintiff, noted Plaintiff's condition, and that Plaintiff had yet to see an orthopedic specialist. SAC ¶ 19. On October 18, 2006, an orthopedic specialist examined Plaintiff and determined that Plaintiff needed arthroscopic surgery on his left knee. SAC ¶ 20. On November 9, 2006, Defendant Salmi evaluated Plaintiff and submitted a request to the chief medical officer for Plaintiff to receive the arthroscopic surgery. The request was not marked urgent. SAC ¶ 21.

On May 5, 2007, Plaintiff finally received the arthroscopic surgery. The surgery revealed internal derangement throughout Plaintiff's left knee. On March 21, 2007 and June 6, 2007 the orthoscopic surgeon evaluated Plaintiff's knee and informed him that he may ultimately need total knee replacement. SAC ¶¶ 25, 26. On June 21, 2007, Defendant Salmi evaluated Plaintiff and documented that Plaintiff still suffered from severe and debilitating pain. SAC ¶ 27.

On December 16, 2007, Defendant Lee evaluated Plaintiff, and referred a request to the chief medical officer for further evaluation by the orthoscopic surgeon. The request was listed as routine. SAC ¶ 29. On January 31, 2008, Defendant Lee injected a substance into Plaintiff's left knee to help relieve Plaintiff's pain. SAC ¶ 31. On March 12, 2008, the orthoscopic surgeon again evaluated Plaintiff and documented his left knee pain. SAC ¶ 32.

On May 22, 2008, Plaintiff was immediately transported to an outside hospital by ambulance because of the severe and debilitating pain and swelling. The surgeon prescribed that Plaintiff be scheduled for a consultation for total knee replacement. SAC ¶ 33.

On June 6, 2008, Defendant Rotman submitted an urgent request for Plaintiff to be evaluated by the orthopedic surgeon. SAC ¶ 35. On June 10, 2008, Defendant Enenmoh altered the request to routine, without personally evaluating Plaintiff. SAC ¶ 36. On July 9, 2008, Defendant Rotman

evaluated Plaintiff and documented that Plaintiff's status had become worse, and his need for total knee replacement was urgent/high priority. SAC ¶ 37. On August 2, 2008, Defendant Rotman evaluated Plaintiff and documented his status as stable, and changed the priority from urgent to be seen within thirty days. SAC ¶ 38. On August 5, 2008, Defendant Enenmoh altered the request to reflect that Plaintiff was to be taken for consultation with an orthopedic surgeon rather than to receive a total knee replacement surgery. SAC ¶ 39.

On August 27, 2008, Defendant Enenmoh found that Plaintiff's condition constituted a disability and warranted reasonable and necessary accommodations. SAC ¶ 40. On September 9, 2008, October 7, 2008, and December 30, 2008, Defendant Rotman evaluated Plaintiff and documented that he still suffered from severe and debilitating pain because of the left knee and was still awaiting a total knee replacement surgery. SAC ¶¶ 42, 44, 46. On January 21, 2009, Defendant Rotman ordered that Plaintiff be given a wheelchair. SAC ¶ 47.

On January 27, 2009, Defendant Byers submitted a written request for Plaintiff to be seen by an orthopedic surgeon. SAC ¶ 48. Defendant Lewis evaluated Plaintiff on February 5, 2009. SAC ¶ 49. On February 19, 2009, Defendant Rotman prescribed medical services within thirty days. SAC ¶ 50. CDCR nursing staff on March 17, 2009 evaluated Plaintiff. SAC ¶ 51. On April 27, 2009, Plaintiff filed a grievance complaining of his lack of total knee replacement. SAC ¶ 52. Defendant Miller rejected the appeal, under the supervision, influence, and control of Defendant Enenmoh. SAC ¶¶ 53, 54.

On May 7 and May 8 of 2009, Defendant Rotman evaluated Plaintiff. Defendant Rotman prescribed that Plaintiff be seen by the orthopedic surgeon within thirty days. SAC ¶¶ 55, 56. On May 19, 2009, Defendant Byers submitted a request to Defendant Enenmoh for Plaintiff to receive knee replacement surgery. SAC ¶ 57.

On May 30, 2009, Plaintiff was rushed by CDCR officers to the medical clinic on a gurney due to excruciating pain for emergency treatment. SAC ¶ 58. A nurse evaluated Plaintiff and called the prison's infirmary to send an ambulance to pick Plaintiff up and take him to the emergency room. Defendant Doe 1 denied the request, and an officer transported Plaintiff to the emergency room in a golf cart. SAC ¶ 61. Plaintiff's ankles are shackled, hands cuffed at sides and secured at

4

1 the waist, and seated upright without a seatbelt. SAC ¶ 62.

2 In front of the infirmary, Defendants Doe 1 and Doe 2 injected Plaintiff with two different painkillers into his arms, and told the officer to drive Plaintiff back to his housing. SAC ¶ 63. Plaintiff lost consciousness and fell out of the golf cart, while it was traveling 30 to 35 miles per hour. SAC ¶ 64. Defendant Metts evaluated Plaintiff's injuries, but did not order an x-ray. SAC ¶ 64. Defendant Metts believed that Plaintiff likely lost consciousness due to being seated in an upright position with no physical restraints, and double-dosed with painkillers. SAC ¶ 64. Plaintiff suffered injuries to his left leg and knee, and his head, neck, shoulder, arm, and back. SAC ¶ 66.

On June 2, 2009, Defendant Rotman evaluated Plaintiff's injuries and ordered x-rays. SAC ¶ 67. On June 8, 2009, Plaintiff filed an inmate grievance concerning this incident. SAC ¶ 68. Defendant Miller rejected Plaintiff's inmate appeals, under the supervision of Defendant Enenmoh. SAC ¶¶ 69, 70. On June 9, 2009, Plaintiff was x-rayed. SAC ¶ 71. On June 23, 2009, Defendant Liu evaluated Plaintiff regarding the fall, but reduced Plaintiff's pain medication. SAC ¶ 72.

On June 29, 2009, Defendant Rotman noted that Plaintiff was still awaiting his total knee replacement surgery. The delay in the surgery was due to the written request being erroneously listed for Plaintiff's right knee rather than the left. SAC ¶ 73. On July 6, 2009, Plaintiff was taken for another consultation. SAC ¶ 74. On July 14, 2009, Defendant Enenmoh responded to Plaintiff's April 27 grievance, but did not acknowledge the delay in receiving the knee surgery. SAC ¶ 75. On July 29, 2009, Plaintiff received the knee surgery. SAC ¶ 76.

On August 7, 2009, Defendant Brightwell notified Plaintiff that he was being brought before a classification committee for transfer to another prison. SAC ¶ 77. Plaintiff contends a conspiracy by Defendants Clark, Enenmoh, and Brightwell to transfer Plaintiff because he had filed inmate grievances. SAC ¶ 79.

On August 10, 2009, Defendant Jean Pierre evaluated Plaintiff but failed to renew Plaintiff's pain medication. SAC ¶ 80. On August 13, 2009, Defendants Brightwell, Mounce, and Wright, the classification committee, informed Plaintiff that he was being put up for transfer to another prison. SAC ¶ 82. On August 20, 2009, Defendant Lee approved Plaintiff's transfer. SAC ¶ 86. Plaintiff submitted an inmate appeal on August 25, 2009, requesting not to be transferred because he was in

the midst of recovering from total knee replacement surgery. SAC ¶ 92. Defendant Zinani did not act on the appeal for three weeks. SAC ¶ 93. On September 4, 2009, Plaintiff was transferred.

Plaintiff contends a violation of the First Amendment and the Eighth Amendment. Plaintiff requests as relief an injunction enjoining transportation of CDCR inmates in vehicles not equipped with seat belts, compensatory and punitive damages, and costs of suit.

### III. Analysis

#### A. First Amendment

##### 1. Inmate Appeals

Plaintiff complains that Defendants Miller, Zinani, and Enenmoh delayed and obstructed Plaintiff's inmate grievance. Plaintiff fails to state a claim. Inmates have a First Amendment right to file inmate grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). However, inmates do not have a substantive constitutional right as to a specific inmate procedure regarding the processing of their inmate grievances. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Defendants' actions in rejecting or delaying responses to Plaintiff's inmate appeals, without more, does not state a § 1983 claim.

Plaintiff fails to state a claim against Defendants Enenmoh and Clark for failure to train Defendants Miller and Zinani. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 678. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts against Defendants Clark and Enenmoh which would

6

indicate that they either personally participated in the alleged deprivation of constitutional rights or knew of such violations and failed to act to prevent them.

### 2. Involuntary Prison Transfer

Plaintiff contends that Defendants, Brightwell, Mounce, Write, Lee, Zinani, Miller, Enenmoh, and Clark violated Plaintiff's rights by transferring Plaintiff to another prison. For a viable claim of First Amendment retaliation, the following elements must be met: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim*, 584 F.3d at 1269 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff fails to state a claim for retaliation in violation of the First Amendment. Plaintiff has not alleged sufficient facts to demonstrate that Defendants took adverse action against Plaintiff. Plaintiff contends that involuntary transfer is sufficient to state an adverse action. However, Plaintiff has not alleged any other facts which indicate that an involuntary transfer, without more, is sufficient to state an adverse action. Plaintiff also fails to allege facts which demonstrate that the classification committee Defendants, Brightwell, Mounce, and Wright, or Defendant Lee, who approved the transfer, were acting because Plaintiff had filed inmate grievances. Plaintiff fails to allege facts which indicate any of these Defendants were aware that Plaintiff had filed inmate grievances.

Plaintiff also alleges that the transfer was part of a conspiracy between Defendants Clark, Enenmoh, Brightwell, and other Defendants. However, Plaintiff fails to allege facts which demonstrate a conspiracy by any Defendants. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (to prove conspiracy, a plaintiff must show an agreement or meeting of the minds to violate constitutional rights).

### B. Eighth Amendment – Medical Care

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against all Defendants.

### 1. Defendants Greene and Salmi

Plaintiff fails to state a claim against Defendants Greene and Salmi. Plaintiff fails to allege facts which indicate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Defendants in examining Plaintiff designated their requests for service as routine, which does not demonstrate deliberate indifference. Plaintiff at most raises a dispute of treatment between the prisoner and a treating doctor, which fails to state a claim. *Toguchi*, 391 F.3d at 1058. Additionally, isolated incidents of neglect do not constitute deliberate indifference to serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff also fails to state a claim against Defendant Salmi for deliberate indifference regarding the lack of knee replacement surgery. Plaintiff contends that the orthopedic surgeon had indicated a need for total replacement surgery, which Defendant Salmi knew, but Defendant Salmi failed to provide medical care. However, Plaintiff has not alleged facts which indicate that Defendant Salmi acted with deliberate indifference. It appears that based on the allegations, Defendant Salmi did not arrange for Plaintiff to receive total knee replacement surgery. However,

Plaintiff has not alleged facts which indicate that Defendants Salmi could have made such arrangements. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) (causation of constitutional violation requires court to "take a very individualized approach which accounts for the duties, discretion, and means of each defendant"). Plaintiff also appears to raise at most a difference of opinion between health professionals with regards to the course of treatment, which does not generally amount to deliberate indifference. *Toguchi*, 391 F.3d at 1059-60. To state a claim for deliberate indifference for a difference of opinion between health professionals, Plaintiff must allege facts which indicate that "the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

### 2.  **Defendant Lee**

Defendant Lee in examining Plaintiff designated the requests for service as routine, which fails to state a claim. Defendant Lee injected a substance into Plaintiff's left knee to relieve the pain. Thus, Plaintiff has not alleged facts which indicate that Defendant Lee disregarded an excessive risk of serious harm to Plaintiff's health.

### 3.  **Defendant Rotman**

Defendant Rotman examined Plaintiff on a regular basis but allegedly failed to provide Plaintiff with a knee replacement surgery in a timelier manner. Plaintiff has not alleged facts which indicate that Defendants Rotman could have made such arrangements. *Leer*, 844 F.2d at 633-34. Plaintiff also appears to raise at most a difference of opinion between health professionals with regards to the course of treatment, which does not generally amount to deliberate indifference. *Toguchi*, 391 F.3d at 1059-60. Based on Plaintiff's allegations, Defendant Rotman examined Plaintiff frequently and referred Plaintiff on several occasions to see an orthopedic surgeon for consultation. Thus, Plaintiff's allegations amount at most to a difference of opinion between medical professionals, and Plaintiff has not alleged sufficient facts to state a claim for deliberate indifference. *See Toguchi*, 391 F.3d at 1059-60.

### 4.  **Defendant Enenmoh**

Plaintiff fails to state a claim against Defendant Enenmoh. Based on the allegations,

Defendant Enenmoh changed some urgent requests for medical service to routine. Plaintiff's other allegations undermine his claim that Defendant Enenmoh acted with deliberate indifference. Plaintiff alleges that the appointment with the orthopedic surgeon on May 28, 2008 was for consultation for knee replacement surgery. Thus, Plaintiff has not alleged facts which demonstrate that Defendant Enenmoh acted with deliberate indifference by changing the priority level and referring Plaintiff for consultation on surgery rather than actual surgery. Defendant Enenmoh also noted that Plaintiff's condition merited his designation as an inmate with a disability. Plaintiff has not alleged sufficient facts to indicate that Defendant Enenmoh disregarded an excessive risk of serious harm to Plaintiff's health.

### 5. Defendant Byers

Plaintiff fails to allege facts which indicate that Defendant Byers acted with deliberate indifference to Plaintiff's serious medical needs. Based on the allegations, Defendant Byers referred Plaintiff to be seen by an orthopedic surgeon and submitted a request for Plaintiff to receive knee replacement surgery in May 2009. Plaintiff has not alleged facts which indicate that Defendant Byers knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### 6. Defendant Lewis

Plaintiff fails to allege facts which indicate that Defendant Lewis acted with deliberate indifference to Plaintiff's serious medical needs. Defendant Lewis evaluated Plaintiff once. Plaintiff alleges at most a difference of opinion between health professionals regarding a course of treatment, and fails to allege facts which indicate that Defendant Lewis acted with conscious disregard to his health.

### 7. Defendant Does 1 and 2

Plaintiff fails to allege facts which indicate that Defendants Does 1 and 2 acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff's allegations indicate that Defendants Does 1 and 2 injected Plaintiff with painkillers and then sent him back to his cell. Plaintiff's allegations amount, at most, to negligence, which fails to state an Eighth Amendment claim. *See Toguchi*, 391 F.3d at 1060 (holding that even gross negligence is insufficient to establish deliberate indifference).

1         **8.**     **Defendant Clark**

2     Plaintiff fails to allege facts which indicate that Defendant Clark acted with deliberate

3 indifference to Plaintiff's serious medical needs. Plaintiff complains that Defendant Clark allowed

4 transportation of inmates at SATF in vehicles without seat belts installed to prevent inmates from

5 falling out. Plaintiff has not alleged facts which indicate that Defendant Clark knew of and

6 disregarded an excessive risk of serious harm to Plaintiff's health. There are no allegations which

7 indicate that Defendant Clark was aware of any risks to Plaintiff with regards to transportation.

8         **9.**     **Defendant Metts**

9     Plaintiff fails to allege facts which indicate that Defendant Metts acted with deliberate

10 indifference to Plaintiff's serious medical needs. Plaintiff complains that Defendant Metts failed to

11 safely transport Plaintiff back to his cell, resulting in Plaintiff falling out and injuring himself when

12 he lost consciousness. Plaintiff's allegations amount at most to negligence, which fails to state an

13 Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

14         **10.**     **Defendant Liu**

15     Plaintiff fails to allege facts which indicate that Defendant Liu acted with deliberate

16 indifference to Plaintiff's serious medical needs. Plaintiff alleges that Defendant Liu reduced

17 Plaintiff's pain medication. Plaintiff alleges at most a difference of opinion between health

18 professionals regarding a course of treatment, and fails to allege facts which indicate that Defendant

19 Liu acted with conscious disregard to his health.

20         **11.**     **Defendant Jean Pierre**

21     Plaintiff fails to allege facts which indicate that Defendant Jean Pierre acted with deliberate

22 indifference to Plaintiff's serious medical needs. Plaintiff alleges that Defendant Jean Pierre failed

23 to renew Plaintiff's pain medication. Plaintiff has not alleged sufficient facts to state an Eighth

24 Amendment claim. Isolated occurrences of neglect do not constitute deliberate indifference to

25 serious medical needs. *Jett*, 439 F.3d at 1096.

26 **IV.**     **Conclusion and Recommendation**

27     Plaintiff fails to state a claim against any Defendants. The undersigned does not find that

28 Plaintiff can amend his pleadings to cure the deficiencies identified. Leave to amend will thus not be

1  granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

2  Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with
3  prejudice for failure to state a claim.

4  These Findings and Recommendations will be submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**
6  after being served with these Findings and Recommendations, Plaintiff may file written objections
7  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
8  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
9  waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.
10 1991).

IT IS SO ORDERED.

Dated:  **April 20, 2013**                             /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE