# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ENENMOH,<br><br>　　　　Defendant. | Case No. 1:11-cv-00937 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE THIRD AMENDEED COMPLAINT<br><br>(Document 35) |

　　　　Plaintiff Wayne L. Pickering ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.

　　　　On May 23, 2013, the Court determined that Plaintiff's Second Amended Complaint ("SAC") did not state any cognizable claims against any Defendants, and dismissed it without leave to amend. Plaintiff appealed the dismissal.

　　　　On August 1, 2014, the Ninth Circuit reversed in part and remanded the action for further proceedings. The Court affirmed the Court's dismissal of claims against Defendants Green, Salmi, Rotman, Byers, Lewis, Clark, Metts, Liu and Pierre. However, the Court determined that at the screening stage, Plaintiff's SAC stated a cognizable Eighth Amendment claim against Defendant Enenmoh. In reversing, the Court of Appeals noted that it did not consider Plaintiff's contentions regarding the dismissal of the original complaint and First Amended Complaint because only the dismissal of the SAC was before the Court.

1

1       On November 26, 2014, Plaintiff was instructed to return service documents.

2       On November 21, 2014, the Court lodged a Third Amended Complaint.  On December 2, 2014, the Court ordered the Clerk of Court to return the lodged Third Amended Complaint because this action proceeds based on the Ninth Circuit's review of Plaintiff's SAC, and was remanded on that basis.  The Court explained that this action would therefore proceed on Plaintiff's SAC.

       On December 16, 2014, Plaintiff filed a motion for leave to file a Third Amended Complaint.  He explains that he originally filed the Third Amended Complaint in a new action, 1:14-cv-01833-GSA.  The complaint left out Defendant Enenmoh, but stated "claims against all the original defendants" in *this* action.  ECF No. 35, at 2.  Plaintiff believed that he would be able to proceed against the remaining Defendants in a new action.  However, on November 24, 2014, the Magistrate Judge ordered that the complaint in 1:14-cv-01833-GSA be lodged as a Third Amended Complaint in this action.

       Plaintiff is therefore moving this Court to permit him to re-allege claims that have been dismissed from the SAC.  However, he cannot do so.  The dismissal of the claims he now seeks to re-allege was upheld by the Ninth Circuit Court of Appeals.

       To the extent that Plaintiff cites the Court's findings that his First Amended Complaint stated claims against certain Defendants on September 11, 2012, the Court's decision on a prior, superseded complaint does not mean that Plaintiff can now re-allege the claims.  In any event, the Court vacated the findings on October 15, 2012, and permitted Plaintiff to file a SAC.  This SAC, which is now the operative pleading based on the Ninth Circuit's review, replaced the First Amended Complaint.

///
///
///
///
///
///
///
///

2

1 | The "law of the case" doctrine provides that legal decisions made in a case "should be followed unless there is substantially different evidence ..., new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Inv. Co. v. Mobil Oil Corp, 653 F.2d 391, 392 (9th Cir.1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir.1985). No circumstances exist to warrant an exception to this doctrine,

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:     **January 5, 2015**                          /s/ Dennis L. Beck
                                                       UNITED STATES MAGISTRATE JUDGE

3