# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>    Plaintiff,<br><br>  v.<br><br>ENENMOH,<br><br>    Defendant. | Case No. 1:11-cv-00937 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 42) |

Plaintiff Wayne L. Pickering ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

## PROCEDURAL HISTORY

On May 23, 2013, the Court determined that Plaintiff's Second Amended Complaint ("SAC") did not state any cognizable claims against any Defendants, and dismissed it without leave to amend. Plaintiff appealed the dismissal.

On August 1, 2014, the Ninth Circuit reversed in part and remanded the action for further proceedings. The Court affirmed the Court's dismissal of claims against Defendants Green, Salmi, Rotman, Byers, Lewis, Clark, Metts, Liu and Pierre. However, the Court determined that at the screening stage, Plaintiff's SAC stated a cognizable Eighth Amendment claim against Defendant Enenmoh. In reversing, the Court of Appeals noted that it did not consider Plaintiff's contentions regarding the dismissal of the original complaint and First Amended Complaint because only the

1


dismissal of the SAC was before the Court.

On November 26, 2014, Plaintiff was instructed to return service documents.

On November 21, 2014, the Court lodged a Third Amended Complaint. On December 2, 2014, the Court ordered the Clerk of Court to return the lodged Third Amended Complaint because this action proceeds based on the Ninth Circuit's review of Plaintiff's SAC, and was remanded on that basis. The Court explained that this action would therefore proceed on Plaintiff's SAC.

On December 16, 2014, Plaintiff filed a motion for leave to file a Third Amended Complaint. He explains that he originally filed the Third Amended Complaint in a new action, 1:14-cv-01833-GSA. The complaint left out Defendant Enenmoh, but stated "claims against all the original defendants" in *this* action. ECF No. 35, at 2. Plaintiff believed that he would be able to proceed against the remaining Defendants in a new action. However, on November 24, 2014, the Magistrate Judge ordered that the complaint in 1:14-cv-01833-GSA be lodged as a Third Amended Complaint in this action.

On January 5, 2015, the Court denied Plaintiff's motion, explaining that dismissal of the claims he sought to re-allege was upheld by the Ninth Circuit Court of Appeals.

On January 20, 2015, Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's January 5, 2015, denial.[1]

**DISCUSSION**

A.  Legal Standard

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008) (internal quotations marks and citation omitted). The moving party "must demonstrate

---

[1] Defendant Enenmoh filed an answer on April 21, 2015.

both injury and circumstances beyond his control ...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).

B.  Analysis

Plaintiff's motion for reconsideration repeats his arguments made in his motion to amend, i.e., that he is a mentally disabled inmate and had to rely on the assistance of numerous inmates. Use of different inmates resulted in different allegations, which naturally led to different outcomes.

Since the filing of the motion to amend, Plaintiff has transferred to Valley State Prison and has found an inmate who believes that he can state a claim against the previously-dismissed Defendants. Plaintiff states that the new inmate is trying to "fix the defects caused by other inmates..." ECF No. 42, at 5.

This action was originally filed in June 2011. The Court screened Plaintiff's original complaint in January 2012, and explained why Plaintiff's allegations failed to state a claim and offered the relevant legal standards. Plaintiff filed a First Amended Complaint in February 2012. In September 2012, the Court found that Plaintiff stated a claim against Defendant Rotman, but recommended that the remaining Defendants and claims be dismissed. After considering Plaintiff's objections, the Court vacated the Findings and Recommendations to permit Plaintiff to allege

3

compliance with the California Tort Claims Act.  Plaintiff filed his Second Amended Complaint in November 2012.  However, upon screening, the Court determined that it did not state any cognizable claims.  Except as to Defendant Enenmoh, the dismissal was upheld by the Ninth Circuit.

Plaintiff now essentially asks for another opportunity to amend based on his belief that his prior inmate assistance was deficient.  However, Plaintiff had two prior opportunities to amend, and each time, he had the benefit of the Court's legal analysis and applicable legal standards.  Granting Plaintiff another opportunity in this action, especially where the case has been appealed and remanded, would undo the prior four years of litigation.  While the Court recognizes that inmates often rely on assistance from other legal inmates, it cannot continually afford additional opportunities to amend when a plaintiff questions the assistance he received.  Reconsideration is "an extraordinary remedy, to be used **sparingly in the interests of finality** and conservation of judicial resources."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.2003) (citation and quotation marks omitted) (emphasis added).

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **April 22, 2015**                             **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

4