# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ENENMOH,<br><br>　　　　Defendant. | Case No. 1:11-cv-00937 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROPOUND ADDITIONAL INTERROGATORIES<br><br>(Document 49) |

Plaintiff Wayne L. Pickering ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Enenmoh for violation of the Eight Amendment.

The Court issued a Discovery and Scheduling Order on April 21, 2015. The discovery cut-off date is September 21, 2015.

On May 22, 2015, Plaintiff filed a motion for leave to propound additional interrogatories. Defendant did not oppose the motion and it is deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed.R.Civ.P. 33(a). Rule 26(b)(2)(A) provides that "[b]y order, the

court may alter the limits in these rules on the number of ... interrogatories. Fed.R.Civ.P. 26(b)(2)(A). However, "the court must limit the frequency or extent of discovery ... if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

"[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." Dichter–Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir.2013) (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.2002) (alteration omitted)); accord Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir.1996)). "A plaintiff seeking discovery must allege enough facts to raise a reasonable expectation that discovery will reveal' the evidence he seeks." Dichter–Mad Family Partners, LLP, 709 F.3d at 751 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Gager v. United States, 149 F.3d 918, 922 (9th Cir.1998) ("It is well-established that the burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.").

Here, Plaintiff requests that he be granted leave to propound an additional fifty interrogatories on Defendant Enenmoh. In support of his request, Plaintiff states that since he will not be able to depose Defendant Enenmoh, twenty-five interrogatories will not be sufficient to develop his case. He also states that he expects Defendant Enenmoh to be evasive and anticipates that he will have to file motions to compel.

Plaintiff has not made a sufficient showing to permit additional interrogatories at this time. He has not explained what discovery he has already served, why any such discovery has been inadequate, or what specific information he seeks with additional interrogatories. Moreover,

anticipation of difficulties with discovery does not permit a party to propound additional interrogatories.

Finally, serving additional interrogatories is not a method to "basically depose the Defendant through interrogatories," nor does it excuse Plaintiff from making the required showing under Rule 26.  ECF No. 49, at 5.

To the extent that Plaintiff seeks a deposition by written questions, he is informed that depositions by written questions entail more than mailing questions to the deponents and awaiting their written responses.  Rather, an officer must be retained to take responses and prepare the record.  Fed. R. Civ. P. 31(b).  This requires the ability and willingness to pay an officer to take the responses for the record.  There is no entitlement to take a deposition and to do so, a party must comply with the Federal Rules of Civil Procedure.  If Plaintiff is able and willing to compensate an officer to take responses and prepare the record, he may notify the Court and submit an offer of proof regarding the financial ability to compensate an officer.

**ORDER**

Based on the above, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **June 25, 2015**                         /s/ Dennis L. Beck
                                                              UNITED STATES MAGISTRATE JUDGE