**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>             Plaintiff,<br><br>       v.<br><br>ENENMOH,<br><br>             Defendant. | Case No. 1:11-cv-00937 LJO DLB PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(Document 60)<br><br>Discovery Cut-Off: December 15, 2015<br>Dispositive Motion Deadline: February 15, 2016 |

Plaintiff Wayne L. Pickering ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Enenmoh for violation of the Eight Amendment.

The Court issued a Discovery and Scheduling Order on April 21, 2015. The discovery cut-off date was September 21, 2015. The dispositive motion deadline is November 18, 2015.

On September 21, 2015, Plaintiff filed a motion to modify the Discovery and Scheduling Order. Defendant did not file an opposition and the motion is ready for decision pursuant to Local Rule 230(l).

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

1

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." Johnson, 975 F.2d at 609.

Here, Plaintiff requests that the discovery cut-off be extended to January 21, 2016, and the dispositive motion deadline be extended to February 18, 2016.  He also requests that the deadline to amend pleadings, which was August 20, 2015, be extended to December 21, 2015.

Plaintiff requests the extension because his work at the prison, which involves assisting EOP inmates with their weekly groups and appointments, requires working hours that conflict with the law library hours.  In the past two months, he has only been able to go to the law library for two thirty-minute sessions.

As a result, Plaintiff explains that he has not been able to research and formulate a discovery plan.  He has also received responses to his first set of discovery requests from Defendant, but the responses were missing key health care records.  Plaintiff has requested the records from Health Care Services, but he has not yet received them and therefore cannot formulate interrogatories related to the records.

Plaintiff has demonstrated good cause to extend the discovery deadline and dispositive motion deadline, though a four month extension is not warranted where discovery is already underway.

Accordingly, the Court ORDERS the discovery deadline extended to **December 14, 2015**, and the dispositive motion deadline to **February 15, 2016**.  The Court DENIES the motion to extend the deadline to amend the pleadings, as the August 20, 2015, deadline had already passed when Plaintiff filed this motion.

Based on the above, Plaintiff's motion is GRANTED IN PART.

IT IS SO ORDERED.

Dated: __**October 27, 2015**__         /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE