# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. PICKERING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ENENMOH,<br><br>　　　　　Defendant. | Case No. 1:11-cv-00937 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Document 63) |

Plaintiff Wayne L. Pickering ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed on November 13, 2012, against Defendant Enenmoh for violation of the Eighth Amendment.

Defendant filed the instant motion for judgment on the pleadings on January 11, 2016. Despite receiving an extension of time, Plaintiff failed to file an opposition. The motion is ready for decision pursuant to Local Rule 230(l).

**A.     PROCEDURAL HISTORY**

　　1.     Federal Action

Plaintiff filed this action on June 9, 2011. He filed his Second Amended Complaint on November 13, 2012.

///

1

On May 23, 2013, the Court screened Plaintiff's Second Amended Complaint and dismissed the action without leave to amend for failure to state a claim.

Plaintiff appealed the dismissal, and on August 1, 2014, the Ninth Circuit reversed in part and remanded the action for further proceedings. The Court affirmed this Court's dismissal of the claims against Defendants Green, Salmi, Rotman, Byers, Lewis, Clark, Metts, Liu and Pierre. However, the Court determined that at the screening stage, Plaintiff's Second Amended Complaint stated a cognizable Eighth Amendment claim against Defendant Enenmoh. The Ninth Circuit's decision was based on Plaintiff's allegations "that although Enenmoh knew of Pickering's pain, Enenmoh changed Pickering's physician requests from urgent to routine and from a total knee replacement surgery to a consultation with an orthopedic surgeon." ECF No. 29, at 3.

Pursuant to the Ninth Circuit's remand, the Court reopened this action on August 1, 2014. Defendant Enenmoh was served with the Second Amended Complaint, and he filed his answer on April 21, 2015.

2. State Court Action

Plaintiff filed an action in the Madera County Superior Court on May 8, 2014, prior to the Ninth Circuit's remand of this action.[1]

He filed a First Amended Complaint on September 8, 2014, against the California Department of Corrections and Rehabilitation, Clark, Enenmoh, Green, Salmi, Lee, Rotman and Borden. His allegations related to the treatment he received for his left knee while incarcerated, from 2006 through 2009. As to Defendant Enenmoh, Plaintiff alleged that his "policy caused a significant delay" in receiving adequate care. ECF No. 64-1, at 5. Specifically, Plaintiff alleged that in June 2008, Defendant Enenmoh altered a surgery request from "urgent" to "routine," and in August 2008, altered a recommendation for surgery to a "consultation". ECF No. 64-1, at 9-10. Based on Defendant Enenmoh's actions, Plaintiff alleged causes of action for deliberate indifference

///

---

[1] Defendant's request for judicial notice is GRANTED. The Court may take judicial notice of court records in other cases. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). A court may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, at 907 (9th Cir. 2003). As long as the authenticity of the documents are not "subject to reasonable dispute," judicial notice may be taken of matters of public record without converting a motion to dismiss on the pleadings into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001).

to a serious medical need, violation of the California Constitution, Article I, section 17, negligence, unspecified intentional torts and violation of various California statutes.[2]

Defendant Enenmoh's demurrer was sustained, without leave to amend, on March 11, 2015. The court determined that (1) Plaintiff did not timely present a tort claim; (2) he failed to file the action after his tort claim was rejected; (3) Article I, section 17 of the California does not provide a private right of action; and (4) the Eighth Amendment claim was barred by the statute of limitations. ECF No. 64-3, at 2-3.

Defendant Enenmoh and another Defendant were dismissed on April 13, 2015. ECF No. 64-4.

## B. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Chavez v United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); Fed. R. Civ. P. 12(c). The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6). *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011). Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).

In ruling on a motion for judgment on the pleadings, the Court may consider documents incorporated by reference in the pleadings and "may properly look beyond the complaint to matters of public record" that are judicially noticeable. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The Court "need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

---

[2] Plaintiff did not specifically cite the Eighth Amendment to the United States Constitution in his claims against Defendant Enenmoh, though he repeatedly alleged that Defendant was deliberately indifferent to a serious medical need. Defendant Enenmoh's demurrer addressed an Eighth Amendment claim, and the Madera County Superior Court included the Eighth Amendment claim in its ruling.

**C.     DISCUSSION**

    1.     *Res Judicata*

"The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Gonzales v. Cal. Dept. of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014) (*quoting Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrines of claim preclusion and issue preclusion "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decision." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks and citation omitted).

In determining the preclusive effect of a state court judgment, the Court looks to the California standard. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). California's general rule is that "[a] valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." *Slater v. Blackwood*, 15 Cal.3d 791, (1975). "It is clearly established that a party may not split up a single cause of action and make it the basis of separate suits." *Wulfjen v. Dolton*, 24 Cal.2d 891 (1944). Therefore, under California law, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 897 (2002).

*Res judicata* applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding. *Fed. Of Hillside & Canyon Assns. v. City of L.A.*, 126 Cal.App.4th 1180, 1202 (2004). Res judicata bars the litigation not only of issues that were actually litigated, but also issues that could have been litigated. *Id.*

///

///

2. <u>Analysis</u>

   a. *Final Judgment on the Merits*

The prior state court action against Defendant Enenmoh was dismissed without leave to amend after his demurrer to Plaintiff's First Amended Complaint was sustained. It is clear under California law that sustaining a general demurrer and dismissing a case with prejudice constitutes a judgment on the merits. *See, e.g., Mohsenzadeh v. JPMorgan Chase Bank, N.A.*, 2015 WL 1346130, at *5 (S.D.Cal. 2015) ("A general demurrer has been held to be a judgment on the merits for purposes of *res judicata* and collateral estoppel in California state and federal courts."); *Moore v. Navarro*, 2004 WL 783104, at *6 (N.D.Cal. 2004) ("[T]he judgment sustaining the demurrer to [plaintiff's] state court action was a judgment on the merits"); *McKinney v. County of Santa Clara*, 110 Cal.App.3d 787, 794 (1980).

Accordingly, the Madera County Superior Court's order sustaining Defendant's demurrer without leave to amend constitutes a final judgment on the merits.

   b. *Identity of Claims*

Under California law, claims are identical if they deal with the same "primary right." *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 798 (2010). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.,* 147 Cal.App.3d 1170, 1174 (1983).

The issues in this action and Plaintiff's state court action are nearly identical. In both, he argues that Defendant Enenmoh's actions impacted his right to receive proper medical treatment for his knee. Both cases are based on the same time period and the same facts. Thus, as the same primary right is at issue in both actions, the claims are identical.

   c. *Parties*

Finally, both cases must involve the same parties, or those in privity. Defendant Enenmoh was a party in both of Plaintiff's actions, and this element is satisfied.

///

The Court therefore finds that *res judicata* bars Plaintiff from litigating this action. Plaintiff chose to file an almost identical case in state court while his appeal in this action was pending, and the state court ultimately decided the issues. He cannot now essentially relitigate his claims in this action.

**D.     FINDINGS AND RECOMMENDATIONS**

Accordingly, the Court HEREY RECOMMENDS that Defendant's motion for judgment on the pleadings be GRANTED and that judgment be entered in his favor.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within fourteen (14) days from the date of service of the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2016**            **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE